**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**VALDOSTA DIVISION**

| | | |
|---|---|---|
| **EMPIRE FIRE AND MARINE** | : | |
| **INSURANCE COMPANY,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 7:10-CV-24 (HL) |
| | : | |
| **TRAVEL COUNTRY RV CENTER, INC.,** | : | |
| **BYRD KENNETH ISON, II,** | : | |
| **KATHRYN JO ISON,** | : | |
| **CRAIG STEPHEN DELK,** | : | |
| **and SLIDE INNOVATIONS, LLC,** | : | |
| | : | |
| Defendants. | : | |

_____

**ORDER**

On April 9, 2010, Plaintiff filed this matter in the Valdosta Division of the United

States District Court for the Middle District of Georgia, alleging diversity as the basis

for federal jurisdiction. Because federal courts have only limited jurisdiction, part of

the Court's initial review process requires the Court to determine whether a proper

jurisdictional basis exists in each case. Thus, when a plaintiff files a claim in federal

court it is generally the plaintiff's burden to allege the specific facts necessary to

establish jurisdiction. Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1273 (11th Cir.

2000).

A federal court's jurisdiction can be based upon either a question of federal

law or diversity of citizenship; however, as Plaintiff is attempting to establish

jurisdiction based on diversity, the Court will not discuss the necessary elements of

federal question jurisdiction. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction requires the legal matter to exceed the sum or value of $75,000, exclusive of interest and costs, and be between citizens of different states. 28 U.S.C. § 1332(a)(1).

An action for declaratory relief, such as the one at issue here, must independently satisfy federal subject matter jurisdiction requirements; the Declaratory Judgment Act does not create an independent basis for jurisdiction. *See* 28 U.S.C. § 2201(a) (authorizing district courts to grant declaratory relief in "a case of actual controversy within its jurisdiction"). Thus, in order for Plaintiff to maintain its action for declaratory judgment in this Court, it must still satisfy the jurisdictional prerequisites for filing an action in the federal district courts.

Plaintiff alleges that jurisdiction is proper in this Court because there is diversity of citizenship of the parties and the amount in controversy is greater than $75,000. Plaintiff states that it is a Nebraska corporation, with its principal place of business is Illinois. Plaintiff alleges that Defendant Travel Country RV Center, Inc. is a Florida corporation with its principal place of business in Florida; that Defendant Slide Innovations, LLC is a Georgia limited liability company with its principal place of business in Georgia; that upon information and belief, Defendant Byrd Kenneth Ison II is a resident of Georgia; that upon information and belief, Defendant Kathryn Jo Ison is a resident of Georgia; and that upon information and belief, Defendant Craig Stephen Delk is a resident of Georgia.

For purposes of 28 U.S.C. § 1332, the citizenship of a limited liability company, as an artificial, unincorporated entity, is determined by the citizenship of all the members composing the organization. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1021-22 (11th Cir. 2004). Thus, a limited liability company is a citizen of any state of which a member of the company is a citizen. Id. at 1022. And, therefore, a limited liability company could be deemed a citizen of more than one state. To sufficiently allege the citizenship of a limited liability company, a party must list the citizenship of all the members of the limited liability company. Id. In examining the jurisdictional allegations presented in the Complaint, the Court finds they are lacking, as Plaintiff failed to identify the citizenship of each of the members of Slide Innovations, LLC.

There is also a problem with the allegations regarding the individual defendants. There is no statutory definition of what constitutes a "citizen" for diversity purposes. Galva Foundry Co. v. Heiden, 924 F.2d 729, 730 (7th Cir. 1991)). Federal courts interpret citizenship under § 1332 as requiring a natural person to be a United States citizen and be domiciled in a state. *See, e.g.*, Las Vistas Villas, S.A. v. Petersen, 778 F. Supp. 1202, 1204 (M.D. Fla. 1991), *aff'd*, 13 F.3d 409 (11th Cir. 1994). Thus, there are two necessary inquiries regarding citizenship for diversity jurisdiction: (1) whether the person is a United States citizen, and (2) whether the person is domiciled in a particular state.

Under the first inquiry, "All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States." U.S. Const. amend. XIV, § 1. Regarding the second inquiry, domicile–synonymous with "state citizenship" in diversity jurisprudence–generally requires two elements: (1) physical presence in a state; and (2) the intent to make the state one's home. Duff v. Beaty, 804 F. Supp. 332, 334 (N.D. Ga. 1992). A complaint merely alleging residency, as opposed to state citizenship or domicile, is insufficient to invoke diversity jurisdiction. Id. Domicile is not always the same as residence, as a person may reside in one place but be domiciled elsewhere. *See* Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48, 109 S. Ct. 1597, 1608 (1989). Therefore, a party must plead citizenship distinctly and affirmatively. Toms v. Country Quality Meats, Inc., 610 F.2d 313, 316 (5th Cir. 1980); Am. Motorists Ins. Co. v. Am. Employers Ins. Co., 600 F.2d 15, 16 (5th Cir. 1979); *see also* Duff, 804 F. Supp. at 334.   Plaintiff's mere allegations that Byrd Kenneth Ison II, Kathryn Jo Ison, and Craig Stephen Delk reside in Georgia are insufficient.

As a result of these deficiencies, this Court is unable to ascertain whether complete diversity of citizenship exists and, therefore, the Complaint fails to satisfy the prerequisites of subject matter jurisdiction.  However, the Court is of the opinion that Plaintiff should be allowed to amend to correct the deficiencies noted. Accordingly, Plaintiff shall have until April 23, 2010 in which to file an amendment that conforms to the findings of this Order.   Failure to plead the necessary

4

jurisdictional prerequisites in a timely manner will result in dismissal for lack of jurisdiction.

       **SO ORDERED**, this the 13th day of April, 2010.

*s/  Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh