# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| **EMPIRE FIRE AND MARINE INSURANCE COMPANY,** | |
| Plaintiff, | Civil Action 7:10-CV-24 (HL) |
| v. | |
| **BYRD KENNETH ISON II, KATHRYN JO ISON, and SLIDE INNOVATIONS, LLC,** | |
| Defendants. | |

## ORDER

This is a declaratory judgment action in which Plaintiff Empire Fire and Marine Insurance Company ("Empire") seeks a determination that it is not obligated to defend or indemnify Defendants Byrd Kenneth Ison II and Kathryn Jo Ison against claims asserted by Craig Stephen Delk for injuries Delk suffered while using a water slide located at the Ison's residence.[1] Before the Court is Empire's Motion for Summary Judgment (Doc. 40). For the reasons discussed below, the Motion is granted.

---

[1] Delk was dismissed from this lawsuit by order of the Court entered on April 1, 2011 (Doc. 42). Travel County RV Center, Inc. was also dismissed in that order.

## I. FACTS[2]

Travel County RV Center, Inc. ("Travel Country") is in the recreational vehicle business. It sells and services recreational vehicles in various locations in Georgia and Florida. Defendant Byrd Ison ("Mr. Ison") is listed in corporate records as the CEO of Travel Country.

In 2007, Empire issued Garage Policy number SB0663736 to Travel Country.[3] Travel County is the named insured on the Garage Policy, which had an effective date of February 6, 2007 to February 6, 2008. The Garage Policy contains the following definition for "Insured," in pertinent part:

> 10. "Insured" means any person or organization qualifying as an insured in the **Who is Insured** provision of the applicable coverage.

The Garage Policy states that the following are insureds:

> **D. WHO IS INSURED**
>
> **2.** The following are "insureds" for "Garage Operations" - Other Than "Auto" Liability:
>
> a. You[4];
>
> b. Your partners (if you are a partnership), members (if you are a limited liability company), "employees," directors or shareholders but only

---

[2]As the Isons did not file a response to Empire's Statement of Material Facts, the facts contained therein are deemed admitted. L. R. 56.

[3]A Garage Policy is a commercial insurance policy that provides coverage to businesses engaged in selling and servicing vehicles.

[4]"You" refers to the named insured, which is Travel Country.

2

while acting within the scope of their duties.

Also in 2007, Empire issued Umbrella Liability Policy number SU663736 to Travel County. Travel County is the named insured on the Umbrella Policy, which had an effective date of February 6, 2007 to February 6, 2008. The Umbrella Policy is excess to the Garage Policy.

The Umbrella Policy defines who is an insured by reference to the underlying policy, as follows:

> 6. "Insured" means any person or organization qualifying as an "insured" in the Who Is An "Insured" provision of the applicable coverage. Except with respect to the Limit of Insurance, the coverage afforded applies separately to each "insured" who is seeking coverage or against whom a claim or "suit" is brought.

The Who Is An "Insured" provision of the Umbrella Policy provides:

> 1. With respect to "garage operations" other than the ownership, maintenance or use of an "auto" the following are "insured":
>
>    a. You (and your spouse if you are a sole proprietor); if you are a sole proprietor, coverage only applies to your "garage operations" as covered by the underlying insurance;
>
>    b. Any of your partners and their spouses, paid employees, directors, executive officers, or stockholders, while acting within the course of their duties as such; and
>
>    c. Any other person or organization named in the "underlying insurance," but not for broader coverage than provided to those

3

persons or organizations in the "underlying insurance."

Mr. and Mrs. Ison potentially qualify as insureds under the policies.[5]

On February 18, 2009, Delk filed a lawsuit in the Superior Court of Lowndes County against Travel Country, Slide Innovations, Mr. Ison, and Mrs. Ison to recover damages for the serious spinal injury and resulting paralysis he suffered while using a water slide located at the Ison's residence (the "Liability Action"). Delk alleges that employees, agents, or representatives of Travel Country installed or set up the water slide on the Ison's property.

The relevant causes of action for purposes of this case are Count V - negligence against Travel Country, and Count VI - premises liability against the Isons. The negligence count against Travel Country is based on the allegation that Travel Country's employees, agents, or representatives undertook a duty to install a water slide in a safe and proper manner, but breached that duty, resulting in injury to Delk. The premises liability count against the Isons is based on the allegation that the Isons had a duty to maintain the premises and water slide in a reasonably safe condition and warn Delk of the condition of the water slide, but breached that duty.

On October 20, 2010, Delk, Empire, and Travel County entered into a Release and Settlement Agreement. The Release states, in pertinent part:

> **WHEREAS**, Delk and Empire have agreed to settle and resolve the liability of any entity insured and covered

---

[5]There is little information in the record about the Isons' relationship to Travel Country. Mr. Ison appears to be the CEO. For purposes of this Order, the Court will assume they could be employees, directors, shareholders, executive officers, or stockholders.

4

under either the Garage Policy . . . or the Umbrella Policy . . . in the Liability Action, in addition to the coverage issues involving Delk and Empire in the Dec Action, solely to avoid the uncertainty and expense of further litigation without acknowledging or denying liability or coverage;

\*\*\*\*\*\*

**SCOPE OF AGREEMENT AND PARTIES RELEASED** - The Parties agree that the purpose of this Agreement is for Empire to indemnify all possible insureds under both the Garage and Umbrella Policies of liability to Delk by the exchange of the consideration contained in Section 3 below. The Parties agree that the purpose of this Agreement is to release Travel Country of all liability owed to Delk. Further, to the extent any of Travel Country's employees, directors, or shareholders are liable to Delk while acting within the scope of their duties, the purpose of this Agreement is to release all liability that Travel Country's employees, directors, or shareholders owe to Delk while acting within the scope of their duties. If any employee, director, or shareholder is or may be liable to Delk both personally and for acting within the scope of their duties as employees, directors, or shareholders of Travel Country, the purpose of this Agreement is to only release liability for acting within the scope of their duties as employees, directors, or shareholders, while having no effect whatsoever on the personal liability of any such employee, director, or shareholder. Specifically, because the Isons may be liable to Delk both personally and as employees, directors, or shareholders of Travel Country, the purpose and effect of this Agreement is to release the Isons only to the extent they are liable to Delk for acting within the scope of their duties as employees, directors, or shareholders of Travel Country. The Isons' personal liability is unaffected by this Agreement.

\*\*\*\*\*\*

Therefore, throughout this Agreement, the terms "Parties Released" means Travel Country and Travel Country's employees, directors, or shareholders while acting within the scope of their duties as employees, directors, or

5

>shareholders of Travel Country. The term "Parties Released" expressly includes the Isons while acting within the scope of their duties as employees, directors, or shareholders of Travel Country but excludes the Isons while acting personally or in any other capacity. The term "Travel Country" can be used interchangeably and synonymously with the term "Parties Released" in this Agreement to avoid ambiguity and confusion that may otherwise result when releasing claims against the Parties Released even though the only party being dismissed from the Liability Action is Travel Country.

As part of the settlement, Delk also released Empire of all liability to him under either the Garage Policy or Umbrella Policy, and signed a covenant not to collect, receive, demand, assert, claim, or sue Empire for any policy benefits that are or may be owed under either the Garage Policy or Umbrella Policy. Travel Country was dismissed from the Liability Action on October 27, 2010.

## II.  ANALYSIS

Empire has now moved for summary judgment, asking for an order from the Court establishing that it does not owe the Isons a defense or immunity in the Liability Action because the Release that extinguished the liability of Travel Country also extinguished all potentially covered liability claims against the Isons.

On motion for summary judgment, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of a material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986) (internal quotation marks omitted). If the

moving party meets this burden, the burden shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact, or that the moving party is not entitled to judgment as a matter of law. Id. at 324-26.

The Isons did not file a response to Empire's motion. However, even if a motion for summary judgment is unopposed, the court cannot base its decision on the fact that the motion is unopposed, but must consider the merits of the motion and review the evidentiary materials submitted by the parties to determine whether there are genuine issues of material fact that preclude judgment as a matter of law. United States v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, Fla., 363 F.3d 1099, 1101 (11th Cir. 2004).

Under the Garage Policy, the Isons are considered insureds only if they are (1) employees, directors, or shareholders (2) acting within the scope of their duties. In the Release, however, Delk released all claims against Travel Country's employees, directors, and shareholders while acting within the scope of their duties. As Delk can no longer assert any claims against Travel Country's employees, directors, or shareholders for actions taken within the scope of their employment, the Court agrees with Empire that any potentially covered claims against the Isons under the Garage Policy have been extinguished.

The Court cannot use the exact same analysis for the Umbrella Policy, because under that policy, the Isons are considered insureds not only if they are employees or directors acting within the scope of their duties, but also if they are

7

executive officers or stockholders acting within the scope of their duties. While it may just be a matter of semantics, the Court is hesitant to find that Delk's release against Travel Country's employees, directors, and shareholders does away with any potential claims under the Umbrella Policy, as the Isons could be executive officers or stockholders. The record simply is not clear on that point. Nevertheless, the Court still finds that any potentially covered claims against the Isons under the Umbrella Policy have been extinguished because Delk agreed to settle and resolve the liability of any person or entity insured and covered under either the Garage Policy or the Umbrella Policy. In light of that settlement, Empire is entitled to summary judgment as to the Umbrella Policy as well.

Because there are no claims that can be brought against the Isons that could potentially be covered by the policies, Empire does not owe the Isons a defense or indemnity in the Liability Action. The Garage and Umbrella Policies do not provide coverage to the Isons for any claims alleged in the Liability Action.

## III. CONCLUSION

Empire's Motion for Summary Judgment (Doc. 40) is granted. The counterclaims for attorney's fees filed by the Isons (Docs. 16-17, 19-20) are dismissed. Empire is to notify the Court in writing no later than April 13, 2011 as to whether the case against Slide Innovations, LLC should proceed.

**SO ORDERED**, this the 6th day of April, 2011.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh